IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDUSTRIAL REVOLUTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CIRCLE SALES & IMPORT LTD., CIRCLE SALES & IMPORT USA, INC., WALMART, INC., SPORTSMAN'S GUIDE LLC, and DOES 1-10, <br><br> Defendants. | Civil Action No.: 2:26-cv-885 <br><br> **COMPLAINT FOR:** <br><br> **(1) INFRINGEMENT OF A REGISTERED MARK (15 U.S.C. § 1114)** <br><br> **(2) FEDERAL TRADE DRESS AND TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))** <br><br> **(3) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** <br><br> **(4) UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW (RCW 19.86.020)** <br><br> **(5) COMMON LAW TRADE DRESS INFRINGEMENT** <br><br> **(6) COMMON LAW UNFAIR COMPETITION** <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT ...................................................................... 1

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Plaintiff Industrial Revolution, Inc., for its Complaint against Defendants Circle Sales & Import Ltd., Circle Sales & Import USA, Inc., Walmart, Inc., Sportsman's Guide LLC, and Does 1-10, alleges as follows:

**NATURE OF ACTION**

1.      This is a civil action for monetary and injunctive relief for: (a) infringement of a registered trade dress mark under Section 32 of the Lanham Act (15 U.S.C. § 1114); (b) infringement of the same trade dress and other unregistered trademarks under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (c) copyright infringement under Section 501 of the Copyright Act (17 U.S.C. § 501); (d) unfair and deceptive trade practices arising under RCW 19.86.020; (e) trade dress infringement under Washington common law; and (f) unfair competition under Washington common law.

**THE PARTIES**

2.      Plaintiff Industrial Revolution, Inc. ("Plaintiff" or "Industrial Revolution") is a corporation organized under the laws of the State of Washington, having a place of business at 1000 Oakesdale Ave SW, Suite 140, Renton, WA 98057.

3.      Defendant Circle Sales & Import Ltd. ("Circle Ltd.") is a corporation organized under the laws of Canada, having a business address at 1751 Richardson, Suite 1110, Montréal, Québec, H3K 1G6 Canada.

4.      Defendant Circle Sales & Import USA Inc. ("Circle USA") is a corporation organized under the laws of Delaware, having a business address of 442 5th Ave., Suite 2503, New York, NY 10018.

5.      Defendant Walmart, Inc. ("Walmart") is a corporation organized under the laws of Delaware, having a business address of 702 S.W. 8th St., Bentonville, AR 72716.

6.      Defendant Sportsman's Guide LLC ("Sportsman's Guide") is a limited liability company organized under the laws of Minnesota, having a business address of 2131 Lindau Ln., Suite 900, Bloomington MN 55425.

COMPLAINT ................................................................ 2

7.      Defendants Does 1-10 are unknown resellers of infringing goods sold to them by Defendants Circle Ltd. and/or Circle USA (collectively the "Circle Defendants").

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action involves questions of federal trademark law and federal copyright law, pursuant to 15 U.S.C. § 1121 because the action alleges violation of the federal Lanham Act (15 U.S.C. § 1125(a)), and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

9.      This Court has supplemental jurisdiction over the state law claims at issue in this action under 28 U.S.C. § 1367 because the state law claims are so related to the federal law claims as to form part of the same case or controversy, that is, they arise out of a common nucleus of operative facts.

10.      This Court has personal jurisdiction over all Defendants under the laws of the state of Washington, including RCW 4.28.185 which the Washington Supreme Court has held "extends jurisdiction to the limit of federal due process." *Shute v. Carnival Cruise Lines*, 113 Wn2d 763, 771, 783 P.2d 78 (1989).

11.      This Court has personal jurisdiction over the Circle Ltd. and Circle USA (the "Circle Defendants") because the Circle Defendants have purposefully and intentionally availed themselves of the privilege of doing business in the state of Washington. As described more fully below, the Circle Defendants have committed tortious acts of offering for sale, selling, distributing, and/or advertising infringing products to resellers for resale in the state of Washington and/or consumers within the State of Washington and selling and distributing infringing products to Walmart for nationwide distribution, including specifically to Walmart customers in the state of Washington. Defendants' activities with respect to the products they sell in the state of Washington or sold to Walmart for nationwide distribution including in the state of

COMPLAINT .................................................................. 3

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Washington, constitute at least trademark infringement, trade dress infringement, false designation of origin, and unfair competition. On information and belief, some of the Circle Defendants' customers and potential customers reside in the state of Washington, and on information and belief, Defendant is transacting business and benefitting financially from the Washington market, including for example, through sales to customers in the State of Washington. Alternatively, this Court may exercise personal jurisdiction over Defendant Circle Ltd. residing outside of the United States under Federal Rule of Civil Procedure 4(k)(2). The Court's exercise of personal jurisdiction over Defendant Circle Ltd. in this action is consistent with the United States Constitution for at least the same reasons stated above.

12.    This Court has general personal jurisdiction over Defendant Walmart because Walmart is registered to do business in the state of Washington and conducts continuous and systematic activities in the state of Washington. Alternatively, this Court has specific personal jurisdiction over Walmart because, on information and belief, Walmart has sold infringing products to consumers in the state of Washington through multiple Walmart store locations in the state of Washington and/or through Walmart's ecommerce website located at <www.walmart.com>.

13.    This Court has personal jurisdiction over Defendant Sportsman's Guide because, on information and belief, Sportsman's Guide has sold infringing products to consumers in the state of Washington through its ecommerce website located at <www.sportsmansguide.com>.

14.    This Court has personal jurisdiction over Defendants Does 1-10 because they are unknown resellers of infringing products who have sold infringing products to consumers in the state of Washington.

15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) at least because, Defendants have committed acts of infringement in this District and/or regularly conduct business in this District. In addition, a substantial part of the events giving rise to this action has occurred, is occurring, and will continue to occur in this judicial district, and the harm sustained by Plaintiff has been, is being, and will continue to be incurred in this judicial district.

COMPLAINT ................................................................... 4

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## FACTUAL BACKGROUND

### Industrial Revolution's Intellectual Property Rights

16.    Plaintiff Industrial Revolution designs, manufactures, markets, and sells high-quality, innovative products with a focus on outdoor recreation. Since 1981, Industrial Revolution has marketed and sold a growing line of camping and outdoor products under its house brand UCO.

17.    Starting in 2009, Industrial Revolution began promoting and selling a new and original line of windproof and waterproof matches having a distinctive, elongated orange colored head terminating in a brown tip. The distinctive orange and brown color scheme for matches has no function related to the performance of the matches. Rather, Industrial Revolution uses this distinctive color scheme (the "Trade Dress") as a distinctive identifier of the source of the matches.

18.    Since 2009, Industrial Revolution has sold matches incorporating the Trade Dress under its UCO and STORMPROOF MATCHES trademarks. Samples of these matches in their original packaging displaying the UCO and STORMPROOF MATCHES trademarks are shown



here:

19.    In 2014, Industrial Revolution applied to register the Trade Dress for its Stormproof Matches branded matches with the U.S. Patent & Trademark Office. In its

COMPLAINT ...................................................................5

application, Industrial Revolution included the following as the drawing of the Trade Dress:

As shown in the drawing, Industrial Revolution disclaimed the shape of the match, including the matchstick handle portion below the orange and brown match head (as depicted in broken lines). Thus, the Trade Dress as described applies to matches of any shape.

20.    On April 7, 2015, the U.S. Patent and Trademark Office granted Industrial Revolution's application and issued a registration for the Trade Dress on the supplemental register (U.S. Reg. No. 4718332).

21.    In 2014, Industrial Revolution expanded its line of matches incorporating the Trade Dress. Alongside the existing STORMPROOF MATCHES brand matches incorporating the Trade Dress, Industrial Revolution launched its TITAN STORMPROOF MATCHES line of matches that also incorporated the Trade Dress. Below is a sample of the packaging for Industrial Revolution's TITAN STORMPROOF MATCHES brand matches that features the Trade Dress:



COMPLAINT ....................................................................... 6

22.    Industrial Revolution has sold matches incorporating the Trade Dress for nearly 17 years. These sales, which have exceeded millions of units, have been continuous and substantially exclusive. As a result, the Trade Dress long ago acquired sufficient distinctiveness to function as a source indicator.

23.    Today, Industrial Revolution continues to offer its STORMPROOF MATCHES and TITAN STORMPROOF MATCHES branded matches incorporating the Trade Dress. Below is an Industrial Revolution owned photograph (the "Work") that it uses in advertising its STORMPROOF MATCHES that prominently features the Trade Dress:



COMPLAINT...................................................................7

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

24. By way of example, the Work is used in Industrial Revolution's website advertising for direct-to-consumer sales of its STORMPROOF MATCHES branded matches, as shown here:



25. Industrial Revolution's STORMPROOF MATCHES and TITAN STORMPROOF MATCHES trademarks (the "Stormproof Marks") are inherently distinctive such that they function as trademarks for matches. Further, because the STORMPROOF MATCHES mark has been in continuous and substantially exclusive use by Industrial Revolution for nearly 17 years, it has acquired distinctiveness such that it functions as a trademark for matches. Similarly, because the TITAN STORMPROOF MATCHES mark has been in continuous and substantially exclusive use for nearly 12 years, it has acquired distinctiveness such that it functions as a trademark for matches.

**Defendants' Infringement**

26. Recently, Industrial Revolution learned that the Circle Defendants had begun offering for sale, selling, distributing, and advertising a line of Gofire matches incorporating the

COMPLAINT ................................................................. 8

Trade Dress without authorization in the United States. The Circle Defendants not only copied the Trade Dress but also used Industrial Revolution's Stormproof Marks in their advertising and product packaging for the matches incorporating the Trade Dress. This is clearly shown in the advertisement below created by the Circle Defendants:





SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

27.    In addition, without authorization or permission, the Circle Defendants reproduced Industrial Revolutions original photographs, including the Work, for use in its marketing materials to promote its infringing matches, as shown here:



28.    The Circle Defendants also reproduced and distributed the Work to Defendants Walmart and Sportsman's Guide and, on information and belief, to the Doe defendants, for use in their own advertising materials.

29.    The Circle Defendants have willfully used Industrial Revolution's Trade Dress and its Stormproof Marks without authorization from Industrial Revolution. Further, the Circle Defendants have willfully copied the Work without authorization from Industrial Revolution.

30.    The Circle Defendants have offered for sale, sold, distributed, and/or advertised matches incorporating the Trade Dress and Plaintiff's Stormproof Marks to resellers and consumers in the United States. In addition, both Circle Ltd. and Circle USA have imported matches incorporating the Trade Dress and Plaintiff's Stormproof Marks into the United States for distribution to resellers in the United States. Among these resellers are defendants Walmart and Sportsman's Guide who, in turn, have offered for sale, sold, distributed, and/or advertised

COMPLAINT .................................................................. 10

matches incorporating the Trade Dress to consumers in the United States generally and to consumers in the state of Washington in particular.

31.    After discovering that the Circle Defendants were infringing its intellectual property rights, Plaintiff sent a demand letter dated January 29, 2026, to Mr. Zach Lazar, President and CEO of Circle Ltd. Mr. Lazar is also an officer of Circle USA. As a result of this letter and further communications between counsel, the Circle Defendants acquired actual notice Plaintiff's rights and their infringing activities at least as early as January 29, 2026.

## FIRST CLAIM FOR RELIEF:

## INFRINGEMENT OF A REGISTERED MARK (15 U.S.C. 1114)

32.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.    The Trade Dress, which is registered (U.S. Reg. No. 4718332), is inherently distinctive and/or has acquired secondary meaning. Plaintiff has expended significant amounts of money, time, and effort on marketing and advertising to increase consumer awareness of the Trade Dress used in its matches, and in particular so that consumers will readily recognize the orange and brown Trade Dress as a source indicator.

34.    The Trade Dress is not functional.

35.    The Circle Defendants have incorporated the Plaintiff's Trade Dress into its infringing Gofire matches in an effort to intentionally benefit from the goodwill represented by Industrial Revolution's Trade Dress.

36.    The Circle Defendants have sold infringing Gofire matches incorporating the Trade Dress to defendants Walmart and Sportsman's Guide who, in turn, have resold those matches to consumers in the United States generally and in the state of Washington in particular.

37.    The Gofire matches incorporate the Trade Dress in its entirety.

38.    Defendants' use of the Trade Dress is without authorization.

COMPLAINT .................................................................. 11

39.    Defendants' unauthorized use of the Trade Dress in connection with their products is likely to cause confusion, or to cause mistake, or to deceive as to (i) the origin of the parties' respective goods, (ii) the affiliation, connection, or association of the source of infringing Gofire goods and the source of Industrial Revolution's matches incorporating the Trade Dress, and/or (iii) the sponsorship, endorsement, or approval of the infringing Gofire goods by Industrial Revolution (or the source of its goods incorporating the Trade Dress).

40.    The Circle Defendants' actions in violation of Section 1114 have been willful and continue to be willful. The Circle Defendants deliberately copied the Trade Dress for their infringing Gofire matches.

41.    Defendants' actions in violation of Section 1114 have caused and will continue to cause Industrial Revolution to sustain damages, loss, and injury in an amount that cannot be fully measured or compensated in economic terms, and unjustly enrich the Defendants at Industrial Revolution's expense. Defendants' actions have damaged and will continue to cause irreparable harm to Industrial Revolution's goodwill represented by the Trade Dress, and the ability of that trade dress to serve as a source indicator for the goods offered using the Trade Dress, and Plaintiff's ability to control the use of the Trade Dress so that it may function as a source identifier.

42.    Defendants' actions in violation of Section 1114 have caused and will continue to cause irreparable damage to Industrial Revolution for which it has no adequate remedy at law, unless Defendants' actions are enjoined during the pendency of this action and thereafter.

**SECOND CLAIM FOR RELIEF:**

**TRADE DRESS AND TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

43.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 42 of this Complaint as though fully set forth herein.

COMPLAINT .................................................................. 12

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

44. The Stormproof Trademarks are inherently distinctive and/or have acquired secondary meaning. Plaintiff has expended significant money, time, and effort on marketing and advertising to increase consumer awareness of the Stormproof Trademarks used for its matches, and in particular so that consumers will readily recognize the Stormproof Trademarks as source identifiers.

45. The Circle Defendants have used the Stormproof Marks and the Trade Dress for their infringing Gofire matches in an effort to intentionally benefit from the goodwill represented by the Stormproof Marks and the Trade Dress.

46. The Circle Defendants have sold infringing Gofire matches using the Stormproof Marks and incorporating the Trade Dress to defendants Walmart and Sportsman's Guide who, in turn, have resold those matches to consumers in the United States generally and in the state of Washington in particular.

47. The Gofire matches incorporate the Stormproof Marks and the Trade Dress in their entirety.

48. Defendants' use of the Stormproof Marks and the Trade Dress is without authorization.

49. Defendants' unauthorized use of the Stormproof Marks and the Trade Dress in connection with their products is likely to cause confusion, or to cause mistake, or to deceive as to (i) the origin of the parties' respective goods, (ii) the affiliation, connection, or association of the source of infringing Gofire goods and the source of Industrial Revolution's matches, and/or (iii) the sponsorship, endorsement, or approval of the infringing Gofire goods by Industrial Revolution (or the source of Plaintiff's goods sold under the Stormproof Marks and incorporating the Trade Dress).

50. The Circle Defendants' actions in violation of Section 1125(a) have been willful and continue to be willful. The Circle Defendants deliberately copied the Stormproof Marks and the Trade Dress for their infringing Gofire matches.

COMPLAINT ................................................................. 13

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

51.     Defendants' actions in violation of Section 1125(a) have caused and will continue to cause Industrial Revolution to sustain damages, loss, and injury in an amount that cannot be fully measured or compensated in economic terms and unjustly enrich the Defendants at Industrial Revolution's expense. Defendants' actions have damaged and will continue to cause irreparable harm to Industrial Revolution's goodwill represented by the Trade Dress, and the ability of that trade dress to serve as a source indicator for the goods offered using the Trade Dress, and Plaintiff's ability to control the use of the Trade Dress so that it may function as a source identifier.

52.     Defendants' actions in violation of Section 1114 have caused and will continue to cause irreparable damage to Industrial Revolution for which it has no adequate remedy at law, unless Defendants' actions are enjoined during the pendency of this action and thereafter.

### THIRD CLAIM FOR RELIEF:

### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

53.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.     The Work contains copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 100, et. seq.

55.     The Work is the subject of valid copyright registration (Reg. No. VA 2-484-051) granted by the U.S. Copyright Office on February 18, 2026.

56.     Plaintiff is the owner of all rights, title, and interest in and to the copyright in the Work.

57.     Defendants have engaged in copyright infringement by copying the Work, creating derivative works from the Work, distributing copies of the Work to the public, and/or by displaying the Work publicly, all without authorization from Plaintiff and in violation of Section 501 of the Copyright Act (17 U.S.C. § 501).

COMPLAINT ................................................................ 14

58. The Circle Defendants' actions in engaging in copyright infringement have been knowing, deliberate, willful, reckless, and in utter disregard of Plaintiff's rights.

## FOURTH CLAIM FOR RELIEF:
## UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
## (RCW 19.86.020)

59. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. Defendants' acts as alleged herein constitute unfair and deceptive trade practices under the common law and statutory laws of the State of Washington, including, but not limited to RCW 19.86.020, and/or the laws of other states in which Defendants' goods and services are advertised and/or provided.

61. Defendants' acts as alleged herein are repetitive, falsely and deceptively create the impression that the infringing Gofire matches are associated with, sponsored by, or approved by Plaintiff, and are likely to confuse the public as to the source of the goods and services.

62. Defendants' acts as alleged herein affect the public interest as a result of the likely public confusion caused by such acts.

63. Defendants' acts as alleged herein have caused and will continue to cause injury to Plaintiff in its business and/or property. Plaintiff's rights in its protected Trade Dress and its Stormproof Marks have been infringed, its goodwill has been undermined, and it has been forced to expend substantial attorneys' fees and time addressing and undoing such harm, including in this proceeding.

## FIFTH CLAIM FOR RELIEF:
## COMMON LAW TRADE DRESS INFRINGEMENT

64. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 63 of this Complaint as though fully set forth herein.

COMPLAINT ................................................................ 15

65.     Defendants' actions as alleged above constitute common law trade dress infringement. The Plaintiff's Trade Dress is distinctive and non-functional and therefore constitutes valid trade dress that serves to communicate to consumers that the products on which it is used come from a single source.

66.     Defendants' use of the Plaintiff's Trade Dress on infringing products and/or advertisements and marketing materials for the same is likely to deceive the public in that Defendant mislead members of the public into believing that Defendants' products come from Plaintiff (or vice versa) and/or that there is an affiliation between Plaintiff and Defendant or between their respective products and/or that Plaintiff endorses or sponsors or has granted a license for Defendants' products or that Defendant endorses or sponsors or has granted a license for Plaintiff's products.

67.     As a result of Defendants' infringement of the Plaintiff's Trade Dress, Plaintiff has suffered and will continue to suffer economic losses in an amount to be proven at trial and other harm to the goodwill represented by the Plaintiff's Trade Dress in an amount that cannot be fully measured or adequately compensated in economic terms.

## SIXTH CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

68.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 67 of this Complaint as though fully set forth herein

69.     Defendants' actions as alleged above constitute unfair competition because through its copying of Plaintiff's Trade Dress, Defendant is passing off their products as Plaintiff's products or as products endorsed, sponsored, approved, or licensed by Plaintiff.

70.     Defendants' acts are likely to deceive the public in that Defendant misled members of the public into believing that Defendants' products come from Plaintiff and/or that there is an affiliation between Plaintiff and Defendant or between their respective products and/or that Plaintiff endorses or sponsors or has granted a license for Defendants' products.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

71.     As a result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer economic losses in an amount to be proven at trial and other harm to the goodwill represented by the Plaintiff's Trade Dress in an amount that cannot be fully measured or adequately compensated in economic terms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants and against all of their affiliates, agents, servants, employees, partners and all persons in active concert or participation with it, for the following relief:

1.     An order and judgment permanently enjoining Defendants and their respective officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from:

    a.  Using the Plaintiff's Trade Dress or any confusingly similar trade dress in connection with the advertisement, promotion, distribution, offering for sale, or selling of any goods or services;

    b.  Using the Stormproof Marks or any confusingly similar marks in connection with the advertisement, promotion, distribution, offering for sale, or selling of any goods or services;

    c.  Performing any acts or using any trade dress, trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Circle Defendants are one and the same or are in some way connected or that Plaintiff has endorsed, licensed, or is a sponsor of the Circle Defendants (or that the Circle Defendants' have endorsed, licensed or are sponsors of Plaintiff) or that the goods or services of Defendants originate with Plaintiff or any authorized user of the Plaintiff's

COMPLAINT .................................................................. 17

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Trade Dress or the Stormproof Marks or are likely to lead the trade or public to associate Defendants with Plaintiff; and

d.  Engaging in acts of unfair competition as defined by RCW 19.86.020.

e.  Reproducing, publicly displaying or distributing Plaintiff's copyrighted materials, including the Work, in any media in any form, including without limitation on any website owned, operated or controlled by Defendants and in any communication to any reseller of Defendants' goods or services.

2.  An order that Defendants must file with the Court and serve on Plaintiff a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.  An award of all actual damages caused by Defendants' infringement of the Trade Dress and the Stormproof Marks in an amount to be determined at trial, and that such amount be enhanced up to three times the amount of such actual damages in accordance with 15 U.S.C. § 1117.

4.  An award of all Defendants' profits attributable to their infringement of the Trade Dress and the Stormproof Marks, in an amount to be determined at trial, and that such amount be enhanced up to three times the amount of such profits in accordance with 15 U.S.C. § 1117.

5.  An award of all actual damages caused by Defendants' infringement of Plaintiff's copyright in the Work in an amount to be determined at trial in accordance with 17 U.S.C. § 504.

6.  An award of Defendants' profits attributable to their infringement of Plaintiff's copyright in the Work in an amount to be determined at trial in accordance with 17 U.S.C. § 504.

7.  In the alternative to the award of actual damages and profits identified in paragraphs 5 and 6 above, statutory damages as follows: (i) up to $30,000 per infringement by Defendant Walmart; (ii) up to $30,000 per infringement by Defendant Sportsman's Guide, (iii) up to $30,000 per infringement by each Doe defendant, (iv) up to $150,000 per infringement by Defendant Circle Ltd., and (v) up to $150,000 per infringement by Defendant Circle USA.

COMPLAINT.................................................................. 18

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

8.      An award of actual damages in an amount to be determined at trial pursuant to RCW 19.86.090 and the common law of the state of Washington.

9.      A declaration that this case is exceptional under 15 U.S.C. § 1117, and that Plaintiff be awarded reasonable attorneys' fees and full costs pursuant to that statute;

10.     An award of reasonable attorneys' fees and full costs to Plaintiff in accordance with 17 U.S.C. § 505.

11.     An award of reasonable attorneys' fees and full costs to Plaintiff in accordance with RCW 19.86.090.

12.     Pre-judgment and post-judgment interest;

13.     Such other and further relief as this Court deems just, lawful, or equitable.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues in this case.


DATED this 16th day of March 2026.          Respectfully submitted,
                                            SEED INTELLECTUAL PROPERTY
                                            LAW GROUP LLP

                                             s/*Marc C. Levy*
                                            Marc C. Levy, WSBA No. 19203

                                             s/*Kevin S. Costanza*
                                            Kevin S. Costanza, WSBA No. 25153
                                            701 Fifth Avenue, Suite 5400
                                            Seattle, WA 98104
                                            Telephone: 206-622-4900
                                            KevinCo@seedip.com
                                            MarcL@seedip.com

                                            *Attorneys for Plaintiff*
                                            *Industrial Revolution Inc.*